**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| VERNECIA L BENDER | CIVIL ACTION NO. 5:10-CV-01496 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TOWN OF HOMER, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a Motion to Dismiss [Record Document 3] the claims by Plaintiff, Vernecia[1] Bender ("Bender"), against the Town of Homer, Louisiana; the Chief of Police of Homer; and four police officers of Homer, arising out of the officers' actions to restrain and arrest Bender. Defendants move to dismiss Bender's Complaint for failure to state a cause of action under Rule 12(b)(6). Plaintiff has failed to respond to the Motion to Dismiss. The Court holds: 1.) Plaintiff has sufficiently stated an excessive-force claim under the Fourth Amendment but only as to Officers Smith, McDaniel, and Thomas; 2.) Plaintiff has sufficiently stated a claim for an entitlement to relief under state law but only as to Officers Smith, McDaniel, and Thomas and the Town of Homer as their employer; 3.) Plaintiff does not sufficiently plead any cause of action under state or federal law as to Officer Glenn or Chief of Police Russell Mills; and 4.) Plaintiff does not sufficiently plead the various other federal claims in her Complaint. Therefore, for the reasons stated and to the extent explained further herein, the Court

---

[1]Or Vernicia. The Complaint does not spell Plaintiff's first name consistently.

**GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss [Record Document 3].

## I. Procedural History

Plaintiff, Bender, filed a Complaint alleging an entitlement to relief for violations of numerous federal and state claims[2]. Plaintiff alleges that Defendants (the Town of Homer; the Chief of Police Russell Mills; and police officers Roger Smith, Mario Thomas, Scott Glenn, and Evan McDaniel)[3] deprived and entered into a conspiracy to deprive Bender of her civil rights under federal and state law. (Complaint, ¶¶ 4.1-5.3). Plaintiff filed suit pursuant to 42 U.S.C. § 1983[4] alleging violations of Title VII of the Civil Rights Act of 1964 and of the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges state-law claims under Article I, Sections 2, 3, 4, and 13 of the Louisiana Constitution and of Louisiana Civil Code Article 2315, et seq.

Defendants filed a Motion to Dismiss [Record Document 3] asserting that Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). Defendants' motion argues that Defendants are immune from suit for the alleged actions under the doctrine of qualified immunity. Defendants also request, if

---

[2]Plaintiff filed her Complaint with the assistance of counsel.

[3]The Complaint names the Chief of Police Mills and Officers Smith, Thomas, Glenn, and McDaniel as defendants in both their individual and official capacities.

[4]Section 1983 does not create substantive rights, rather it is simply a procedural vehicle that provides a remedy for violation of the rights that it designates. <u>Harrington v. Harris</u>, 118 F.3d 359, 365 (5th Cir. 1997).

the Court determines that Plaintiff has not asserted a federal claim, that the Court dismiss the state law claims for lack of subject-matter jurisdiction under Rule 12(b)(1).

Plaintiff has failed to respond to the Motion to Dismiss, and thus it is unopposed. Nonetheless, the Court must analyze Plaintiff's Complaint to determine if the requested relief is appropriate.

## II. Law and Analysis

Under Iqbal-Twombly's two-pronged approach, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The first step for the Court is to determine those pleadings that are more than just "mere conclusions" and thus are entitled to the presumption of truth. Id. at 1949-50. Then, assuming the veracity of these facts, the Court must determine whether the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "plausibly give[s] rise to an entitlement to relief." Id.; see also Rhodes v. Prince, 360 Fed. Appx. 555, 557 (5th Cir. 2010) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)) ("When reviewing a motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.").

### A. Factual Allegations of Bender's Complaint

Plaintiff, in her Complaint, alleges the following facts. Bender, an African-

American woman who is "virtually completely hearing impaired," arrived at her home to find her sixteen-year-old daughter being restrained by police officers. Officers Roger Smith and Scott Glenn had drawn their guns on Bender's daughter who was laying on the ground. Bender, who was panicked, began to ask the officers what her daughter had done, and the officers instructed Bender to back away. Bender, who could not hear what the officers were saying to her, then went into the street to ask Officer Mario Thomas what her daughter had done.

Soon thereafter, Bender alleges she realized that her vehicle was overheating and appeared to be smoking.[5] Bender went to the vehicle, turned the car off, removed the keys, and placed the keys in the seat of the car. After she had removed the keys from the ignition, Officer Thomas, to whom Bender had asked questions in the street, shined a flashlight in Bender's face to get her attention. Officer Thomas asked her, "slowly and loudly," what she had gotten from the car, and Bender explained to Officer Thomas what she had done.

As Officer Thomas began to say something else to Bender, Bender was "suddenly" struck by Officer Smith on her backside. Officer Smith then tased Bender on her right side. Officer Smith "continued to tase Bender" at least five more times, six times in total. Officers McDaniel and Thomas stood by without attempting to stop Officer Smith from tasing Bender. All the while, Bender was yelling that she could not

---

[5]Defendants note in their Motion to Dismiss that Bender's daughter had lead officers on a lengthy chase in the car. The chase ended in Bender's front driveway. The Court does not consider this extraneous evidence.

hear what the officers were saying.

Officer McDaniel then told Bender that she was under arrest. Bender complied with the officer and was handcuffed while she lay on the ground. The State filed a Bill of Information charging Bender with violations of Louisiana Revised Statutes 14:130.1, for obstruction of justice, and 14:108(A), for intentional resistance of an officer. These charges were later voluntarily dismissed by the assistant district attorney on February 3, 2010.

### B. Plausible Claims Stated

On a fair reading of the factual matter in the Complaint, Plaintiff has only stated a § 1983 claim arising from a violation of the Fourth Amendment of the United States Constitution for excessive use of force and state-law claims under Louisiana Constitution Article I, Section 5,[6] and Louisiana Civil Code Article 2315. Otherwise, the federal and state constitutional articles cited in the Complaint are irrelevant to the present facts and cannot support a claim for relief given the facts stated in the Complaint. Further, Plaintiff's allegations of conspiracy are wholly conclusory and thus insufficient under Iqbal-Twombly. The Complaint alleges that Defendants "committed various acts to deprive" Bender of her civil rights and "conspired together collectively or in smaller groups to deprive" her of her rights. These allegations are insufficient to overcome a 12(b)(6) motion to dismiss because they merely recite the threadbare legal elements of

---

[6]Article 1, Section 5 of the Louisiana Constitution is not expressly stated by name in the Complaint, but rather only Sections 2, 3, 4 or 13 are named. Nonetheless, the Court construes the Complaint as asserting a right to relief under Article I, Section 5.

a conspiracy claim. Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).

### 1. Claim I: Fourth Amendment Violation

Plaintiff states that her Fourth Amendment claims are two-fold: (1) unreasonable and excessive use of force and (2) false arrest without probable cause. While Plaintiff has sufficiently stated a claim for excessive use of force, Plaintiff's Complaint, on its face, reveals that Plaintiff has no claim for false arrest. Further, liability on Plaintiff's excessive-force claim does not extend to all Defendants and must be restricted only to Officers Smith, McDaniel, and Thomas in their individual capacities. The Court now addresses the Plaintiff's two Fourth Amendment claims in detail.

### a. The Complaint Does Not Support a § 1983 Claim for False Arrest

The Fourth Amendment protects individuals from arrests not based on probable cause. Resendiz v. Miller, 203 F.3d 902, 903 (5th Cir. 2000) ("A warrantless arrest must be based on 'probable cause.'"). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Id.; see also Ornelas v. United States, 517 U.S. 690, 696-97, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); United States v. Maslanka, 501 F.2d 208, 212 (5th Cir. 1974). "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts–not readily, or even usefully, reduced to a neat set of legal rules." Fields v. City of South Houston, 922 F.2d 1183, 1189 (5th Cir.

1991) (quoting Illinois v. Gates, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Nonetheless, "[p]robable cause does not require proof beyond a reasonable doubt, but only a showing of the probability that criminal activity has occurred." United States v. Daniel, 982 F.2d 146, 151 (5th Cir. 1993) (per curiam). "If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails." Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009) (quoting Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995)).

Plaintiff's Complaint alleges facts that make the probable cause for her arrest readily apparent. Bender was arrested and then charged with two offenses: obstruction of justice under La. Rev. Stat. Ann. § 14:130.1 and intentional resistance of an officer under La. Rev. Stat. Ann. § 14:108(A). First, Louisiana's obstruction of justice statute, § 14:130.1, "unlike other states' statutes and the federal statute, prohibits the mere 'movement' of evidence, if done at a location of an incident which the perpetrator has good reason to believe will be the subject of any investigation and if done with the requisite specific intent and knowledge." State v. Jones, 07-1052 (La. 6/3/08); 983 So.2d 95, 103. Second, Louisiana courts have construed Section 14:108 to criminalize a refusal to comply with an order to move when the police are attempting to make an arrest. State v. Moore, 32,983 (La. App. 2 Cir. 8/26/99), 740 So. 2d 803, 806; State v. Washington, 98-545 (La. App. 5 Cir. 12/16/98), 725 So. 2d 587. Here, as stated in the Complaint, Plaintiff was instructed by the police officers to get away from the area where the officers were arresting Plaintiff's daughter. (Compl. ¶ 3.3). Bender moved

away, and then later approached the scene to turn off the car and remove the keys. (Compl. ¶ 3.4).  It was reasonable for an officer to have perceived her act to return to the area as a refusal to comply with a police order and to turn off the car as "movement" of evidence.  Thus, based on these events stated in the Complaint, there was a probability of criminal conduct and the police had probable cause to arrest Bender.  Accordingly, Plaintiff's facts stated in her Complaint do not create a plausible inference that she was subject to a false arrest which infringed on her rights under the Fourth Amendment.

      b.  The Complaint Supports a § 1983 Claim for Excessive Use of Force

  The Fourth Amendment, which protects against unreasonable seizures, protects against the use of excessive force on an individual.  To prevail on her excessive-force claim, the plaintiff must establish: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir. 2005).  "[A]n injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible–that is, objectively unreasonable under the circumstances." Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008).  "The objective reasonableness of force, in turn, depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible." Id.  "The test for reasonableness must consider 'whether the suspect poses an immediate threat to the safety of the officers or others, and

whether he is actively resisting arrest or attempting to evade arrest by flight.'" Collier v. Montgomery, 569 F.3d 214, 219 (5th Cir. 2009) (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

The facts stated in the Complaint certainly create a plausible inference that excessive force was used. The Complaint states that Bender went to the vehicle and turned it off. After she had removed the keys she put them in the seat of the car. Officer Thomas then got Bender's attention by shining his flashlight in her face and asking her "slowly and loudly" what she had gotten from the car. (Compl. ¶ 3.4). Then, "suddenly and from behind," Officer Smith struck Bender in her back and tased Bender in her right side. (Compl. ¶ 3.5). Officer Smith tased Bender at least six times in total. (Id.). The facts as alleged in the Complaint do not suggest that Bender posed an immediate threat to the safety of the officers or that she was actively resisting arrest. The allegations suggest that the tasing of Bender was objectively unreasonable. Therefore, Bender has stated a sufficient claim for excessive use of force.

        c.        The City and Non-Participating Officers Are Not Liable on the Excessive-Force Claim

Plaintiff has named as defendants the City of Homer, the Chief of Police, and the stand-by officers, as well as the officer who actually allegedly used force on Bender. Defendants argue that many of those named as defendants had no causal connection to the alleged constitutional violation, and thus cannot be held liable under § 1983.

First, as to the City of Homer, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978). "It is well established that governmental liability under § 1983 must be premised on a government policy or custom that causes the alleged constitutional deprivation." Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 436 (5th Cir. 2008). In her Complaint, Bender has alleged no facts that would support an inference that the police officers acted pursuant to a policy or custom. The Complaint states that the Homer Police Department "was biased and designed to result in disparate treatment of citizens." (Compl. ¶ 4.2). This statement is not only conclusory but also irrelevant to any factual basis for an asserted claim. Therefore, Plaintiff has not stated a claim against the Town of Homer.

Second, as to the suits against the officers in their official capacity, Plaintiff must allege a custom or policy adopted by the Town of Homer that caused the alleged constitutional violation. An official capacity suit is the equivalent of a suit against the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 144 (1985). Thus, to sufficiently plead an official capacity suit, Plaintiff must allege facts that support a custom or policy that played a part in the violation of federal law. Turner v. Houma Mun. Fire and Police Civil Serv. Bd., 229 F.3d 478, 483 n.10 (5th Cir. 2000). Plaintiff, who has failed to state a claim against the Town of Homer, has likewise failed to state a claim against the officers in their official capacities.

Third, as to Chief of Police Mills, liability will not exist for a supervisor under § 1983 unless the plaintiff shows the supervisor was personally involved in the

constitutional deprivation or shows "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Floyd v. City of Kenner, La., 351 Fed. App. 890, 897 (5th Cir. 2009) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948. Here, Plaintiff has not alleged any personal involvement by Chief Mills in or causal connection by Chief Mills to the alleged constitutional violations. Therefore, Plaintiff has not stated a claim against Chief Mills.

Fourth, as to Officer Glenn, there is no allegation that he was in any way involved in the use of force against or the arrest of Plaintiff. The only allegations in the Complaint concerning Officer Glenn are that he: (1) had his gun drawn on Plaintiff's daughter when Plaintiff approached the scene and (2) yelled at Plaintiff to get away from the scene. (Compl. ¶¶ 3.2, 3.3). No facts imply that Officer Glenn participated in the force used against Plaintiff or that Officer Glenn stood by or was near Officer Smith or Plaintiff when the force was used. Therefore, the Complaint fails to state a claim against Officer Glenn.

Fifth, as to Officers McDaniel and Thomas, "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995); see also Smith v. Dooley, 591 F. Supp. 1157, 1169 (W.D.

La. 1984), aff'd, 778 F.2d 788 (5th Cir. 1985). Plaintiff, to establish bystander liability, must show that the officers "had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." Id. Here, Bender has alleged that "McDaniel and Thomas stood by Smith without attempting to stop him." (Compl. ¶ 3.5). Given this allegation, Bender has alleged sufficient facts to create a plausible entitlement to relief against Officers McDaniel and Thomas, in their individual capacities, for standby liability.

                d.    Questions of Fact Remain Whether the Qualified Immunity Limits Liability

Further, Plaintiff has also pled sufficient facts to establish that Officers Smith, McDaniel, and Thomas are not protected from liability on the § 1983 claim by the doctrine of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (citations omitted). The "driving force" behind the qualified immunity doctrine is the desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." Id. (citations omitted). "The qualified immunity inquiry involves two prongs that must be answered affirmatively for an official to face liability: (1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation." Terry v. Hubert, 609 F.3d 757, 761 (5th

Cir. 2010) (citations omitted).

In <u>Autin v. City of Baytown</u>, 174 Fed. Appx. 183 (5th Cir. 2005), the Fifth Circuit considered a case with facts similar to those here. In <u>Autin</u>, the plaintiff had established facts that a police officer used a taser on the plaintiff although plaintiff posed no objectively reasonable threat to the police officer:

> Not only was [plaintiff] not resisting arrest, but [defendant's] tasing of her was allegedly the first indication he gave to her that she was doing anything wrong. [Defendant] tased [plaintiff] when her back was to him, he gave her no notice of his intention to do so, and he continued to tase her repeatedly, even after she was subdued on the ground. In judging the objective reasonableness of [defendant's] use of force, it should not be forgotten that Autin was fifty-nine years old and five feet two inches tall.

174 Fed. Appx. at 185. On the facts presented by the plaintiff in response to defendant's motion for summary judgment, the Fifth Circuit held that plaintiff had submitted sufficient facts for the fact finder to determine the use of force was objectively unreasonable. Further, the Fifth Circuit determined that, given the facts, the officer could not have made a reasonable legal mistake in determining the legality of his conduct. <u>Id.</u> at 185-86. Therefore, the <u>Autin</u> Court affirmed the denial of defendant's motion of summary judgment.

Here, Bender's Complaint creates a plausible inference of excessive force by the police officers in violation of Bender's Fourth Amendment rights. Further, based on the allegations in the Complaint, Defendants could not have believed that the use of force on Bender was legal, given that the force, as alleged, was objectively unreasonable and clearly excessive to any need. Here, at the Rule 12(b)(6) stage, Plaintiff's Complaint

states facts sufficient to create a plausible inference that the three defendants are not immune from liability under the doctrine of qualified immunity although such allegations may well be disproved by the Defendants at a later stage of these proceedings.

Therefore, Plaintiff has alleged a § 1983 claim against Officer Smith, the principal actor, and Officers McDaniel and Thomas, who stood by, for excessive use of force against Plaintiff in violation of the Fourth Amendment.  The Complaint alleges a sufficient § 1983 claim against these officers in their individual capacities only.  The Complaint alleges a sufficient claim only for the acts of force that occurred on September 26, 2009.  Plaintiff has not sufficiently pled a claim for violation of any other federal law, or a claim for conspiracy.

    2.    Claims II and III: State Constitutional Claim and Tort Claim

Having found that Plaintiff has alleged an excessive-force claim, the Court also finds that Plaintiff has stated a claim under Louisiana Constitution Article I, Section 5 and under Louisiana Civil Code Article 2315.  First, "damages may be obtained by an individual for injuries or loss caused by a violation of Article I, [Section] 5 of the 1974 Louisiana Constitution." Moresi v. Dept. of Wildlife & Fisheries, 567 So. 2d 1081, 1093 (La. 1990) ("Historically, damages have been regarded as the appropriate remedy for an invasion of a person's interest in liberty or property.").  Louisiana federal district courts have noted that privacy principles embodied in the Fourth Amendment have been incorporated into Article I, Section 5 of the Louisiana Constitution.  See, e.g., Hudspeth v. City of Shreveport, 2006 WL 3747446, *23 (W.D. La. Dec. 18, 2006).

Further, unlike for the federal constitutional claim, "[m]unicipalities do not enjoy special protection from vicarious liability under Louisiana law and are subject to respondeat superior like every other employer." Deville v. Marcantel, 567 F.3d 156, 174 (5th Cir. 2009); see also Moresi, 567 So. 2d at 1094 (holding damages may be obtained by an individual for injuries or loss caused by a violation of Article I, § 5 of the Louisiana Constitution, but that qualified immunity protected state officers acting under state law for damages caused by a violation of Article I, § 5 of the Louisiana Constitution). Therefore, Plaintiff has alleged a sufficient claim against Officers Smith, McDaniel, and Thomas for excessive use of force in violation of Article I, § 5 of the Louisiana Constitution. Further, because respondeat superior may apply for the state constitutional claims, Plaintiff has sufficiently alleged that the Town of Homer is vicariously liable for these acts.

Second, Plaintiff has sufficiently alleged a tort claim for unreasonable force used against her by Officer Smith. See La. Code Crim. Proc. art. 220; see, e.g., Stroik v. Ponseti, 96-2897 (La. 9/9/97), 699 So. 2d 1072, 1078-79; Robertson v. Hessler, 08-1212 (La. App. 4 Cir. 6/3/09), 13 So. 3d 1214, 1231. Likewise, Plaintiff has sufficiently alleged a tort claim against Officers McDaniel and Thomas. The Town of Homer remains potentially vicariously liable for the actions of Officer Smith, and the bystanding officers. La. Civ. Code art. 2320; Kyle v. City of New Orleans, 353 So. 2d 969, 972 (La. 1977).

Finally, supplemental jurisdiction over these state claims is proper under 28

U.S.C. § 1367(a). Therefore, the Court exercises jurisdiction over these claims.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [Record Document 3] be and is hereby **DENIED in part** and **GRANTED in part** in accordance with the following:

1. Plaintiff's claims against Chief of Police Mills and Officer Glenn, under federal and state law, are hereby **DISMISSED**.

2. Plaintiff's claims against the Town of Homer under 42 U.S.C. § 1983 are hereby **DISMISSED**.

3. Plaintiff's claims against Officers Smith, Thomas, and McDaniel in their official capacities under 42 U.S.C. § 1983 are hereby **DISMISSED**.

4. Plaintiff's Complaint sufficiently alleges a cause of action pursuant to 42 U.S.C. § 1983 against Officers Smith, McDaniel, and Thomas in their individual capacities for excessive use of force in violation of the Fourth Amendment of the United States Constitution.

5. Otherwise, Plaintiff's claims against Officers Smith, McDaniel, and Thomas in their individuals capacities pursuant to 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment; for violations of the Fifth, Sixth, Ninth, and Fourteenth Amendments; and for violations of Title VII of the Civil Rights Act of 1964 are hereby **DISMISSED**.

6. Plaintiff's Complaint sufficiently alleges a cause of action against Officers Smith, McDaniel, and Thomas, and against the Town of Homer as their employer, under Article I, Section 5 of the Louisiana Constitution and under Article 2315 of the Louisiana Civil Code.

7. Otherwise, Plaintiff's claims against Officers Smith, McDaniel, and Thomas and against the Town of Homer under Article I, Sections 2, 3, 4, and 13 of the Louisiana Constitution are hereby **DISMISSED**.

**THUS DONE AND SIGNED** in Shreveport Louisiana, this 6th day of April, 2011.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE